UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>v.<br><br>LUIS ALONSO RAMIREZ-RAMIREZ,<br><br>                    Defendant. | Case Nos.: 12CR0192-JLS<br>              16CV1797-JLS<br><br>**ORDER:**<br>**1) DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE;**<br>**2) DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255; and**<br>**3) DENYING CERTIFICATE OF APPEALABILITY** |

Presently before the Court is Defendant's Motion to Reduce Sentence (ECF No. 41) and Defendant's Motion under 28 U.S.C. § 2255 (ECF No. 42). The Court has considered each motion and the record in this case and, for the reasons set forth below, will deny both of Defendant's motions.

**Background**

Defendant Luis Alonso Ramirez-Ramirez pled guilty to the offense of being a deported alien found in the United States in violation of 8 U.S.C. § 1326 and, on April 12, 2013, was sentenced to a term of 70 months' imprisonment. Defendant's advisory sentencing guideline range calculation included a 16-level enhancement pursuant to

1

United States Sentencing Guideline Section 2L1.2(b)(1)(A) for a previous removal following a conviction for a "crime of violence."[1] ECF 25 at 4.

## Analysis

Defendant's motion to reduce his sentence appears to be based upon an amendment to the Sentencing Guidelines which eliminated the additional 2-point assessment of criminal history points for offenses committed within two years of release from imprisonment on a prior offense. However, this amendment had already become effective by the time Defendant was sentenced, and no additional criminal history points were assessed to Defendant due to the recency of his release from imprisonment. At sentencing, Defendant was determined to fall under Sentencing Guideline criminal history category VI because he had 19 criminal history points, to which 2 points were added because the offense was committed while he was on probation, for a total of 21 criminal history points. *Id.* at 10. Under the Sentencing Guidelines, a criminal history category of VI is assessed when criminal history points are 13 or more.

Defendant's motion to reduce his sentence also suggests that his prior conviction did not constitute a crime of violence[2], a claim amplified in his motion under 28 U.S.C. § 2255. In his § 2255 motion, Defendant suggests that the Guideline § 2L1.2(b)(1)(A) enhancement was improper in light of the U.S. Supreme Court's decision in *Johnson v. United States*, 576 U.S. ___, 135 S.Ct. 2551 (2015). Defendant's claim, however, is foreclosed by the Supreme Court's subsequent decision in *Beckles v. United States*, 137 S.Ct. 886 (2017). In *Beckles*, the court held that the Sentencing Guidelines are not

---

[1] This enhancement was based on a 1992 conviction for attempted robbery, in violation of California Penal Code Section 211. Presentence Report, ECF 25 at 7.
[2] At the time of his sentencing in 2013, a conviction under California Penal Code Section 211 categorically qualified as a crime of violence under the Sentencing Guidelines. *United States v. Bankston*, __ F.3d __, 2018 WL 4016853 (9th Cir., August 23, 2018)(recognizing that California robbery convictions prior to the August 1, 2016 effective date of Guideline Amendment 798 constitute crimes of violence under the Sentencing Guidelines). Attempted robbery in violation of California law also qualified as a crime of violence for purposes of the 16-level sentence enhancement in U.S.S.G. § 2L1.2. *United States v. Saavedra-Velazquez*, 578 F.3d 1103 (9th Cir. 2009).

subject to vagueness challenges under the Due Process Clause and that *Johnson* is not applicable to the advisory Sentencing Guidelines.

## Conclusion

The Court finds that Defendant's motion and the files and records of this case conclusively show that Defendant is entitled to no relief.  Accordingly, Defendant's Motion to Reduce Sentence and Motion Under 28 U.S.C. § 2255 are DENIED. Additionally, the Court DENIES Defendant a certificate of appealability, as Defendant has not made a substantial showing that he has been denied a constitutional right.  See 28 U.S.C. § 2253(c)(2) (providing that a certificate shall issue "only if the applicant has made a substantial showing of a denial of a constitutional right").   The Clerk's Office shall enter judgment accordingly.

IT IS SO ORDERED.

Dated:  September 25, 2018

Hon. Janis L. Sammartino
United States District Judge